UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLINGSHEAD, | No. 2:22-cv-1228 DAD KJN P |
| Petitioner, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| STEPHEN SMITH,[1] | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent filed a motion to dismiss this action because it was filed beyond the one-year statute of limitations (28 U.S.C. § 2244(d)).  The fully briefed motion is now before the court.  As discussed below, respondent's motion should be granted, and this action be dismissed.

I. Chronology

On February 26, 2016, petitioner was convicted of first degree murder with a lying-in-wait special circumstance and shooting at an occupied vehicle, along with enhancements found true by the jury.  (ECF Nos. 23-1, 23-2.)  Petitioner was sentenced to an indeterminate term of life without the possibility of parole plus 25 years to life.  (ECF Nos. 23-1, 23-2.)

---

[1] Stephen Smith, Warden of Pelican Bay State Prison where petitioner is housed, is substituted as respondent in this action.  Fed. R. Civ. P. 25(d).

1

On September 27, 2019, the California Court of Appeal remanded the matter for the limited purpose to permit the trial court to exercise its discretion regarding the section 12022.53 firearm enhancement but affirmed the judgment of conviction in all other respects. (ECF No. 23-2 at 15.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on January 2, 2020, without comment. (ECF Nos. 23-3, 23-4.) On July 28, 2020, the trial court declined to strike or dismiss the firearm enhancement under § 12022.53(h). (ECF No. 23-5.)

Petitioner filed no pro se post-conviction collateral challenges in state court.

Under the mailbox rule, petitioner filed the instant petition on June 20, 2022 (ECF No. 1 at 10). Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."); Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

## III. Statute of Limitations

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

### B. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner did not appeal his sentence after the hearing on remand. Thus, his conviction became final sixty days after the July 28, 2020 sentencing, or September 26, 2020. See Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). The limitations period began the next day, September 27, 2020. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Therefore, petitioner's last day to file a federal petition was Monday, September 27, 2021. However, petitioner did not file the instant petition until June 20, 2022, eight months and 24 days too late. Absent tolling, the instant petition is barred by the statute of limitations.

### C. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

////

Here, petitioner filed no state post-conviction actions that would toll the limitations period. 28 U.S.C. § 2244(d)(2).

### D. Equitable Tolling

#### 1. Governing Standards

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to

4

demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

### 2. The Parties' Arguments

In his unverified opposition, petitioner claims that his original habeas petition was given to prison staff at Pelican Bay State Prison in early September, 2021, within the deadline to file. (ECF No. 27 at 1.) Petitioner argues this was during the COVID-19 pandemic when access to the law library was highly restricted and infrequent. Petitioner contends that when he did not receive any acknowledgment from the court after six months, he wrote the court in an effort to fulfill his due diligence. When the court responded that no petition had been filed and that petitioner must file a petition within thirty days, petitioner promptly re-submitted his petition within such deadline.

Respondent counters that petitioner fails to provide any proof that he attempted to submit his federal petition some time in September 2021, or to explain any efforts he made to ensure his federal petition was filed with the court. Petitioner does not explain why he waited six months to contact the Court when the limitations period would expire on September 26, 2021, or why it took him over nine months after the limitation period expired to file another federal petition.[2]

Further, respondent argues that petitioner, despite his general claim that law library access was restricted due to the pandemic, fails to show this was an extraordinary circumstance that interfered with his ability to file a timely federal petition despite his diligence. Rather, his claim that he delivered his federal petition to prison staff within the limitations period appears to belie his claim that restricted law library access caused the untimely filing. Respondent contends that petitioner's vague assertions fail to meet his burden, particularly where such assertions primarily involve the ordinary incidents of prison life. (ECF No. 28 at 2.) Further, the Constitution does not guarantee unlimited access to the law library. (Id.)

Finally, petitioner failed to show diligence. Petitioner was required to tie the prison restrictions caused by the COVID-19 pandemic to an inability to file the petition despite

---

[2] Respondent's calculation of the limitations period did not give petitioner benefit of the mailbox rule.

petitioner's diligence.  Smith v. Davis, 953 F.3d 582, 591 (9th Cir. 2020) ("if an extraordinary circumstance is not the cause of a litigant's untimely filing, then there is nothing for equity to address.").  Petitioner failed to do so.

### 3. Discussion

Petitioner presented no evidence to support his claim that he handed his original federal petition to prison staff for mailing in early September 2021.  He provided no proof of service bearing a service date, or a copy of a petition signed in early September of 2021.  Indeed, the instant petition was signed by petitioner on June 17, 2022, and handed to prison staff for mailing on June 20, 2022.  (ECF No. 9 at 9-10.)

Petitioner's initial submissions to the court also shed doubt on petitioner's claim.  In his first filing, labeled "Judicial Notice of Federal Petition," petitioner stated he was inquiring about a "Petition for 'Stay in Abeyance' that he submitted in September of 2021."  (ECF No. 1 at 1.) Petitioner stated he was submitting the original petition along with his letter in the hope that the court would grant him time to exhaust his state court remedies, and that he "handed over [his] petition to prison staff on September 12, 2021, roughly 45 days before [his] deadline to file [his] federal habeas corpus in this court."  (ECF No. 1 at 2.)

Petitioner also claimed that during 2021 his access to the prison law library was "minimal and unreliable," and the prison was under lock down most of the year due to the COVID-19 pandemic.  Petitioner also conceded that at the time he was "very ignorant about the legal process," and had no funds to retain a lawyer.  Petitioner sought three to six months to exhaust state court remedies and file his federal petition.  (ECF No. 1 at 2.)

The "petition" submitted with his initial filing was titled, "Supplemental Memorandum in Support of Request for Stay in Abeyance," and is dated September 12, 2021.  (ECF No. 2.)  He stated, "In this petition, I will set forth with particularity the claims I intend to exhaust. . . ." (ECF No. 2 at 1.)  He wrote that he "will diligently strive to exhaust state remedies promptly and will file his federal habeas corpus quickly upon conclusion of his state remedy."  (Id. at 4.)

////

////

Petitioner's initial court filings suggest that the "petition" handed to prison staff for mailing in early September of 2021 was a petition for stay and abeyance and not a petition for writ of habeas corpus.

But even assuming, arguendo, that petitioner handed his federal petition to prison staff for mailing in early September of 2021, petitioner fails to demonstrate diligence.  He does not explain why he waited six months to follow-up with the Court.  Such six month delay is inexplicable given that on September 12, 2021, he believed he only had 45 days until the statute of limitations expired.  Thus, petitioner has not demonstrated that he diligently pursued his rights.

Petitioner's generalized claims that he lacked access to the law library and was on "constant" lockdowns due to the COVID-19 pandemic are insufficient to meet the high burden required to warrant equitable tolling.

"Ordinary prison limitations on [a petitioner]'s access to the law library" are generally not sufficient to warrant equitable tolling.  Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).  See Wolf v. Lizarraga, 786 F. App'x 680, 681 (9th Cir. 2019) ("[L]imitations on access to legal resources in prison are not considered extraordinary circumstances but are inherent in prison life.").  In order to be entitled to equitable tolling, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing.  Spitsyn, 345 F.3d at 799.  "Courts have found that general claims of lack of access to the prison law library due to restrictions resulting from COVID-19 are not 'extraordinary circumstances' justifying equitable tolling.  Instead, a petitioner must allege specific facts showing how such COVID-19-related lockdowns 'actually prevented' the petitioner from timely filing a petition."  Davis v. Kibler, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022).  Petitioner fails to provide such specific facts. See Purtill v. Covello, 2022 WL 16702093 (E.D. Cal. Nov. 3, 2022) (denying equitable tolling due to prison shut downs and mail delays caused by COVID-19 pandemic based on a lack of specific details supporting tolling requests), findings and recommendations adopted, 2023 WL 2165939 (E.D. Cal. Feb. 22, 2023).

Moreover, the Ninth Circuit has "rejected the argument that lack of access to library materials automatically qualifie[s] as grounds for equitable tolling."  Frye v. Hickman, 273 F.3d

7

1144, 1146 (9th Cir. 2001) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Additionally, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

D.  Conclusion

The undersigned finds that petitioner did not meet his burden to demonstrate that he was reasonably diligent, or that extraordinary circumstances outside his control were the cause of his untimeliness. Because petitioner is not entitled to equitable tolling, his petition is barred by the statute of limitations, and respondent's motion to dismiss should be granted.

V.  Recommendations

Accordingly, IT IS HEREBY ORDERED that Stephen Smith, Warden, is substituted as respondent; and

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be granted; and

2. This action (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack

v. McDaniel, 529 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 29, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/holl1228.mtd.hc.sol