UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOLLINGSHEAD,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHEN SMITH,<br><br>    Respondent. | No.  2:22-cv-01228-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS THE PENDING HABEAS PETITION AS UNTIMELY<br><br>(Doc. Nos. 22, 29) |

Petitioner Scott Hollingshead is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 29, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition as untimely (Doc. No. 22) should be granted.  (Doc. No. 29.)  Specifically, the findings and recommendations concluded that petitioner did not file the pending petition seeking federal habeas relief until eight months and 24 days after the AEDPA statute of limitations for doing so had expired.  (*Id*. at 3–4.) In addition, the findings and recommendations concluded that there was no basis for statutory tolling of the limitations period and that petitioner had failed to present any evidence or make any

/////

1

showing in support of his claim of entitlement to equitable tolling of the applicable statute of limitations. (*Id.* at 4–8.)

Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id.* at 8.) No objections to the pending findings and recommendations have been filed with the court, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having determined that the pending petition is untimely and subject to dismissal on that basis, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because the petitioner's pending application is clearly time-barred, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 29, 2023 (Doc. No. 29) are adopted in full;

/////

/////

2. Respondent's motion to dismiss the petition as untimely filed (Doc. No. 22) is granted.

3. The pending petition for writ of habeas corpus (Doc. No. 9) is dismissed as time-barred;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 17, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE